| | |
|---|---|
| ERIC W. BUETHER (*pro hac vice* admitted)<br>CHRISTOPHER M. JOE (*pro hac vice* admitted)<br>KENNETH P. KULA (*pro hac vice* admitted)<br>BLAKE W. BUETHER (*pro hac vice* admitted)<br>BUETHER JOE & CARPENTER, LLC<br>1700 Pacific, Suite 4750, Dallas, TX 75201<br>Telephone:    (214) 466-1270<br>Facsimile:    (214) 635-1842<br>Email:    Eric.Buether@BJCIPLaw.com<br>    Chris.Joe@BJCIPLaw.com<br>    Ken.Kula@BJCIPLaw.com<br>    Blake.Buether@BJCIPLaw.com<br><br>*Attorneys for Plaintiffs*<br>ELI ATTIA & ELI ATTIA ARCHITECT PC<br><br>JAMIE L. DUPREE (158105)<br>FUTTERMAN DUPREE DODD CROLEY MAIER LLP<br>180 Sansome Street, 17th Floor<br>San Francisco, California 94104<br>Telephone:    (415) 399-3840<br>Facsimile:    (415) 399-3838<br>Email:    jdupree@fddcm.com<br><br>*Local Counsel for Plaintiffs*<br>ELI ATTIA AND ELI ATTIA ARCHITECT PC | CHRISTIAN, SMITH & JEWELL, LLP<br>JAMES W. CHRISTIAN (*pro hac vice* to be submitted)<br>2302 Fannin, Suite 500<br>Houston, Texas 77002<br>Telephone:    (713) 659-7617<br>Facsimile:    (713) 659-7641<br>Email:    JChristian@CSJ-Law.com<br><br>*Attorneys for Plaintiffs*<br>ELI ATTIA & ELI ATTIA ARCHITECT PC<br><br>Professor G. Robert Blakey Emeritus*<br>(*pro hac vice* admitted)<br>Notre Dame Law School<br>7002 East San Miguel Avenue<br>Paradise Valley, AZ 85325<br>Telephone:    (574) 514-8220<br>*Of Counsel,* *For identification purposes only |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELI ATTIA AND ELI ATTIA ARCHITECT PC,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC, FLUX FACTORY, INC., LARRY PAGE, SERGEY BRIN, SEBASTIAN THRUN, ERIC "ASTRO" TELLER, MICHELLE KAUFMANN, JENNIFER CARLILE, AUGUSTO ROMAN, NICHOLAS CHIM, AND DOES 1-100,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 5:17-cv-06037-BLF<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL REMAND**<br><br>Date:    March 8, 2018<br>Time:    11:00 a.m.<br>Courtroom: 3, 5th Floor<br>Judge:    Honorable Beth Labson Freeman<br><br>(Removed from the Superior Court of the County of Santa Clara, California, Case No. 2014-1-cv-274103)<br><br>State Action Filed: December 5, 2014 |

**TABLE OF CONTENTS**

I. ARGUMENT ..................................................................................................................1

    A. This Court Has the Discretion to Decline Exercising Supplemental Jurisdiction ........................................................................................................1

    B. Mr. Attia's State Law Trade Secret Misappropriation Claim is An Essential Predicate to Plaintiffs' RICO Claim and, Therefore, Predominate ............2

    C. Mr. Attia's State Law Trade Secret Misappropriation Claim Involve Complex and Novel Issues ..................................................................................7

    D. The Gibbs Factors favor Remand ............................................................................8

II. CONCLUSION .............................................................................................................11

# TABLE OF AUTHORITIES

**Cases**

*A.B.C. Sand & Rock Co., Inc. v. Maricopa Cty.*,
  2017 WL 2609524 (D. Ariz. June 16, 2017) .................................................................... 3, 9

*Ally Bank v. Castle*,
  2012 WL 3627631 (N.D. Cal. Aug. 20, 2012) ..................................................................... 5

*Borough of West Mifflin v. Lancaster*,
  45 F.3d 780 (7th Cir. 1995) .................................................................................................. 4

*Cinebase Software, Inc. v. Media Guar. Tr., Inc.*,
  1998 WL 661465 (N.D. Cal. Sept. 22, 1998) ....................................................................... 8

*Cty. of El Paso, Tex. v. Jones*,
  No. EP-09-CV-00119-KC, 2009 WL 4730343 (W.D. Tex. Dec. 4, 2009) .............................. 6

*Eastus v. Blue Bell Creameries, L.P.*,
  97 F.3d 100 (5th Cir. 1996) .................................................................................................. 7

*Executive Software North America, Inc. v. U.S. Dist. Court for Cent. Dist. of California*,
  24 F.3d 1545 (9th Cir. 1994) ................................................................................................ 1

*Inge v. Walker*,
  2016 WL 4920288 (N.D. Tex. Sept. 15, 2016) ..................................................................... 7

*K&F Rest. Holdings, Ltd. v. Rouse*,
  No. CV 16-293, 2016 WL 6901375 (M.D. La. Sept. 22, 2016) ............................................ 6

*Millar v. Bay Area Rapid Transit Dist.*,
  236 F. Supp. 2d 1110 (N.D. Cal. 2002) ................................................................................ 3

*Sargon Enterprises, Inc. v. Univ. of S. Cal.*,
  55 Cal. 4th 747, 288 P.3d 1237 (2012) .............................................................................. 10

*The Arch of the Pikes Peak Region v. National Mentor Holdings, Inc.*,
  2011 WL 1047222 (D. Col. 2011) ........................................................................................ 4

*United Mine Workers v. Gibbs*,
  383 U.S. 715 (1966) ......................................................................................................... 3, 4

*Univ. Sports Pub. Co. v. Playmakers Media Co.*,
  725 F. Supp. 2d 378 (S.D.N.Y. 2010) .................................................................................. 8

*Wollesen v. W. Cent. Coop.*,
  2016 WL 7468104 (N.D. Iowa Dec. 28, 2016) .................................................................... 6

**Statutes**

18 U.S.C. § 1832 ................................................................................................................................ 9

28 U.S.C. § 1367 ................................................................................................................................ 1

28 U.S.C. § 1367(a) .................................................................................................................. 1, 5, 6

28 U.S.C. § 1367(c) .................................................................................................................. 1, 5, 6

28 U.S.C. § 1367(c)(2) ............................................................................................................. 4, 5 6

Plaintiffs Eli Attia ("Eli Attia") and Eli Attia Architect PC ("Attia PC") (collectively, "Plaintiffs") hereby submits this reply in support of Plaintiffs' Motion for Partial Remand (Dkt. 38) and would show the Court as follows.

## I.     ARGUMENT

### A. This Court Has the Discretion to Decline Exercising Supplemental Jurisdiction

Google's response fails to acknowledge that, although Federal courts have the authority under 28 U.S.C. § 1367 to assert supplemental jurisdiction over state law claims, "[i]t has consistently been recognized that [supplemental] jurisdiction is a doctrine of discretion." *Executive Software North America, Inc. v. U.S. Dist. Court for Cent. Dist. of California,* 24 F.3d 1545, 1556 (9th Cir. 1994). Under § 1367(c), a court can decline to assert supplemental jurisdiction over a pendant state law claim if one or more of the specified four categories applies. *Executive Software,* 24 F.3d at 1557.

Thus, Google's argument that "Plaintiffs presumably avoided the point [that] there is an undeniable common nucleus of operative facts between their threshold RICO claim and Mr. Attia's state law trade secret claim" actually misses the point. Dkt. No. 54 at 6. Plaintiffs do not avoid this point. It is simply not relevant to the § 1367(c) analysis. Even after a district court determines that the assertion of supplemental jurisdiction is permissible under sections 1367(a) and (b), "section 1367(c) provides [a] valid basis upon which the district court may decline jurisdiction and remand pendent claims." *Executive Software,* 24 F.3d at 1551.

Furthermore, the "common nucleus of operative facts" between Plaintiffs' RICO claim and Mr. Attia's state law trade secret claim is small and exists only at a very high level. Mr. Attia's trade secret claim is simply one example of a pattern of attempted trade secret misappropriation perpetrated by Google involving several distinct cases which do not share any other common facts with Mr. Attia's trade secret claim. Google does not identify any common facts other than that Plaintiffs allege that Google's misappropriation of Mr. Attia's trade secrets is part of an unlawful

scheme by Google to misappropriate the trade secrets of other persons in general. Indeed, Google asserts that "Plaintiffs seek to re-litigate six unrelated, technology-based trade secret lawsuits involving countless third parties. [citation omitted]. As described in the Google Defendants' Motion to Dismiss, those six prior lawsuits all involved different companies, different actors within and without Google, and widely divergent technologies." Dkt. No. 54 at 9.[1] *See also id*. at 3 describing these lawsuits as "six entirely unrelated trade secret lawsuits against Google since 2004.") and *id*. at 9 ("Plaintiffs seek to re-litigate six unrelated, technology-based trade secret lawsuits involving countless third parties.")

### B. Mr. Attia's State Law Trade Secret Misappropriation Claim is An Essential Predicate to Plaintiffs' RICO Claim and, Therefore, Predominate

Google admits that "Plaintiffs are correct that, if they lose their trade secret claim, there would be no RICO claim to try." Dkt. No. 54 at 2. For this reason, the State court judge stayed discovery regarding Plaintiffs' RICO claim pending the resolution of Mr. Attia's trade secret claim. Plaintiffs' RICO claim is entirely dependent upon and subordinate to Mr. Attia's trade secret claim. In view of these circumstances, Mr. Attia's misappropriation of trade secret claim predominates over Plaintiffs' RICO claim.

Although Google argues that the dependent and subordinate nature of Plaintiffs' RICO claim "is true wherever the state law claims proceed," and that "[n]either forum offers an

---

[1] There is no merit to Google's argument that "Plaintiff Eli Attia Architect, PC's breach of contract claim against Google (which Mr. Attia claims to join) is a near-duplicate of the trade secret claim." Dkt. No. 54 at 6. Plaintiffs' breach of contract claim is based upon Google's failure to compensate the Attias for its commercial use of the Attias' "Preexisting Property," as that term defined by the ISA and SOW. Google does not identify any overlapping issues regarding this breach of contract claim and Mr. Attia's misappropriation of trade secrets claim or Plaintiffs' RICO claim. Similarly, there is no merit to Google's argument that there is meaningful factual overlap between its breach of contract counterclaim against Eli Attia Architect, PC for "indemnity and for failure to notify Google" and Mr. Attia's misappropriation of trade secrets claim or Plaintiffs' RICO claim. Google merely asserts that this counterclaim is "based on the same contract" as Plaintiffs' breach of contract claim. This is negligible factual overlap with Plaintiffs' breach of contract claim, which does not have any overlap with Mr. Attia's misappropriation of trade secrets claim or Plaintiffs' RICO claim.

advantage over the other in that scenario," Dkt. No. 54 at 2, this argument ignores the principle articulated by the Supreme Court in *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966), that "[n]eedless decisions of state law [by federal courts] should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."  As this Court observed in *Millar v. Bay Area Rapid Transit Dist.*, 236 F. Supp. 2d 1110, 1119 (N.D. Cal. 2002), "it is preferable . . . as a matter of comity (respect for our sister state institutions) for state court judges to apply state law to plaintiff's state-law claims."  *See also* Dkt. No. 38 at 17.

This Court should honor the principle of comity underlying the *Gibbs* decision by remanding Plaintiffs' state law claims and then taking up Plaintiffs' RICO claim only if necessary after Plaintiffs prevail on Mr. Attia's trade secret claim.  Granting a motion for partial remand to allow a state court to decide issues of state law that could be dispositive of the federal claims before the court is precisely what the court did in *A.B.C. Sand & Rock Co., Inc. v. Maricopa Cty.*, 2017 WL 2609524 (D. Ariz. June 16, 2017), and which this Court should do now.  Google fails to mention much less distinguish the *A.B.C. Sand & Rock* decision.

Google asserts that "the scope of the RICO claim here is far more broad than Plaintiffs' state law claims which center on a single, unsuccessful project," pointing to the "six entirely unrelated trade secret lawsuits against Google since 2004."  Dkt. No. 54 at 2.[2]  Again, this

---

[2] Google's assertion that Project Genie was an "unsuccessful project" addresses the merits of Plaintiffs' claims and is not accurate.  As Plaintiffs allege in their current complaint, Google prepared an Executive Summary of its positive assessment of the Engineering Architecture technology stating that Google could build a business that would yield $120 billion a year. Google then spun Project Genie off into a new company initially called Vannevar Technology and then renamed Flux Factory, Inc.  Flux Factory was co-founded by former Project Genie team members. Google used the Executive Summary to induce the world's largest venture capital firms to invest at least 39.3 million dollars of investment capital in the commercialization of the Engineering Architecture technology. Dkt. No. 1 – Exhibit 3 at 2.  The same is true regarding Google's false assertion that Project Genie was "one shuttered project that never marketed a product or generated any revenues." Dkt. No. 54 at 9.

argument ignores the fact that Plaintiffs' RICO claim is dependent upon and subordinate to Mr. Attia's trade secret claim and involve "six entirely unrelated trade secret lawsuits." Google also argues that "[d]iscovery regarding those six lawsuits would require vast efforts given scattered former employees, third party companies, and the absence of a trade secret identification statement in most of those cases." This argument ignores the fact that the State court judge stayed discovery regarding the RICO claim in recognition of the fact that the RICO claim is dependent upon Mr. Attia's trade secret claim and there is minimal factual overlap between the two claims. Plaintiffs' RICO claim does not predominate because they may never have to be litigated depending on the initial outcome of Mr. Attia's trade secret claim and do not involve material factual overlap with Mr. Attia's trade secret claim.

Google cites *Borough of West Mifflin v. Lancaster,* 45 F.3d 780, 789 (7th Cir. 1995), for the proposition that remand under 1367(c)(2) should be invoked "only where there is an important countervailing interest to be served by relegating state claims to the state court. Dkt. No. 54 at 9. Google, however, conveniently omits from its quote the following sentence explaining that a typical scenario demonstrating an important countervailing interest is normally when "a state claim constitutes the real body of the case, to which the federal claim is only an appendage." *Borough of West Mifflin v. Lancaster,* 45 F.3d 780 at 789, citing *Gibbs,* 383 U.S. at 277. In this case, it is apparent that Mr. Attia's trade secret claim constitutes the real body of the case and Plaintiffs' RICO claim is a subordinate appendage to that claim.

Also, Google's suggestion that Plaintiffs' RICO claim predominate because they involve "six entirely unrelated trade secret lawsuits" whereas Mr. Attia's trade secret claim involves one unrelated claim is without merit. The substantially predominate test involves more than simply counting and comparing the number of state law vs. federal law claims. *See The Arch of the Pikes Peak Region v. National Mentor Holdings, Inc.,* 2011 WL 1047222 at * 3 (D. Col. 2011) ("The

substantially predominate standard of § 1367(c)(2) is not satisfied simply because the number of state claims is more than the number of federal claims.")  As Google concedes, "the key issue here is the overlap and interplay between state law claims and RICO claims." Dkt. No. 54 at 5.

Given that Plaintiffs' RICO claim is dependent upon and subordinate to Mr. Attia's trade secret claim and, as Google has repeatedly acknowledged, the facts underlying the two claims do not overlap significantly, Plaintiffs' state law claims substantially predominate over their RICO claim.

Google's argues that, "in RICO cases, courts overwhelmingly exercise supplemental jurisdiction over related state law claims, for the simple reason that there are overlapping fact allegations."  Google's argument, however, overlooks the fact that identifying whether such factual overlap exists is a fact-specific exercise that must be made on a case-by-case basis, and substantial overlap does not exist in this case.

Google cites *Ally Bank v. Castle*, 2012 WL 3627631, at *1 (N.D. Cal. Aug. 20, 2012), in support of its argument.  This decision does not support Google's position.  In *Ally Bank*, a defendant sought dismissal of state law claims under Rule 12(b)(1) for lack of subject matter jurisdiction.  *Id*. at *2.  The court observed that, "because all claims against Prudential are made under California law, subject matter jurisdiction over Prudential depends upon supplemental jurisdiction under 28 U.S.C. § 1367(a)." *Id*. at *2.  The court found that "it is clear that the state law and RICO claims share a common nucleus of facts" and that "[t]his is sufficient to establish supplemental jurisdiction over Prudential."  *Id*.  The court also concluded that "discretionary dismissal of the state law claims against Prudential under 28 U.S.C. § 1367(c) is not appropriate," merely stating that "[s]upplemental jurisdiction is discretionary and 'a federal court should consider and weigh . . . the values of judicial economy, convenience, fairness, and comity.'" and that "[n]one of these values favor dismissing Prudential from these claims so that they may be

pursued separately in the state court. *Id*. This conclusory statement is not persuasive authority.

Google also cites *Cty. of El Paso, Tex. v. Jones*, No. EP-09-CV-00119-KC, 2009 WL 4730343 (W.D. Tex. Dec. 4, 2009). In that case, the defendants claimed that "the RICO claims asserted against the RICO Defendants are not so related to the state claims that they "form part of the same case or controversy" under § 1367(a)." *Id*. at *8. The court disagreed, finding that "the conspiracy to commit fraud claim 'form[s] part of the same case or controversy. . . .'" *Id*. Although the defendants also sought discretionary dismissal under § 1367(c), the court did not address this issue, stating that "[t]he Court does not need to reach this discretionary question, however, because, as discussed herein, the County's claims are dismissed for failure to state a claim under which relief may be granted." *Id*. at *9. This decision does not provide any support fot Google's position.

The other cases cited by Google also do not support its position. In *Wollesen v. W. Cent. Coop.*, 2016 WL 7468104 (N.D. Iowa Dec. 28, 2016), defendants contended that, although the court had subject matter jurisdiction over RICO claims, the court did not have supplemental jurisdiction over state-law claims because those claims did not derive from a common nucleus of operative facts, within the meaning of 28 U.S.C. § 1367(a), and those claims predominated over the RICO claims, within the meaning of 28 U.S.C. § 1367(c)(2). The court merely concluded that "the state and federal claims are sufficiently related—or interrelated—factually as to satisfy § 1367(a) and to make an argument of "predominance" of the state law claims under § 1367(c)(2) ring hollow." This is another conclusory statement that does not support Google's arguments.

In *K&F Rest. Holdings, Ltd. v. Rouse*, No. CV 16-293, 2016 WL 6901375, at *5 (M.D. La. Sept. 22, 2016), the court merely found that Plaintiffs' claim under the Louisiana Unfair Trade Practices and Consumer Protection Law did not raise "complex or novel issues of law that would counsel against retaining supplemental jurisdiction over that claim." *Id*. at *5. The court also

found that, although Plaintiffs' state law claims are more numerous than their federal claim . . . the *same* acts which allegedly form the basis of Plaintiffs' state law claims also form the basis of Plaintiffs' federal law cause of action.  *Id*. (emphasis in the original).  Indeed, it appears that Plaintiffs seek to use the alleged violations of LUTPA as specifically outlined in their Petition as the required predicate acts and racketeering activity forming the basis of their RICO claim." *Id*. In this case, by contrast, Mr. Attia's trade secret claim is the predicate act for Plaintiffs' RICO claim and, as discussed above, that state law claim does not significantly overlap with the RICO claim.  In *Inge v. Walker*, 2016 WL 4920288 (N.D. Tex. Sept. 15, 2016), the court found that the plaintiff's state law and RICO claims were based on "'[a] single wrong'" and that "'the various claims [asserted in the suit] [were] simply different theories of recovery.'" *Id.* at *7 (quoting *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 105 (5th Cir. 1996)).  This is not the situation in this case.  Google admits Mr. Attia's trade secret claim is "entirely unrelated" to the other six trade secret lawsuits underlying the RICO claim.

**C. Mr. Attia's State Law Trade Secret Misappropriation Claim Involve Complex and Novel Issues**

Google misapprehends Plaintiffs' contention regarding the complexity and novelty of Mr. Attia's trade secret claim.  The complexity of the claim stems from the nearly 18-month relationship between Mr. Attia and Google during which Google enticed him to disclose proprietary information regarding to his Engineered Architecture pursuant to the ISA and SOW. This relationship included Mr. Attia, together with other Google employees working on Project Genie, applying for patents on some of Mr. Attia's inventions.  Google has argued that Mr. Attia's application for those patents and assignments of patent rights give rise to a number of defenses to Mr. Attia's trade secret claims.  Although Mr. Attia has defeated Google's demurrers challenging his trade secret claims, these issues remain active in the case.  For this reason, and the procedural intricacy of the case, Mr. Attia's trade secret claims are complex.  Mr. Attia's trade secret claims

7

also are novel because there is no controlling California case law addressing misappropriation of trade secret claims and defenses arising under these unique circumstances. The novel issues in this case are not simply the basic application of the statute of limitations to a run-of-the mill claim for misappropriation of trade secrets. The trade secret statute of limitation issue involves Mr. Attia's conditional authorization argument regarding the effect of his assignment of his patent rights to Google and whether, by virtue of his authorizing Google to file the patent applications naming him as an inventor.

Google has not cited an analogous trade secrets case handled by the state of federal courts. In *Univ. Sports Pub. Co. v. Playmakers Media Co.*, 725 F. Supp. 2d 378, 388 (S.D.N.Y. 2010), cited by Google, the court observed that the primary issue that the state law claims raise – whether a database of customer information constitutes a "trade secret" – is far from "novel. . . ." The complexity of this case does not involve such a straightforward issue. In *Cinebase Software, Inc. v. Media Guar. Tr., Inc.*, 1998 WL 661465, at *6 (N.D. Cal. Sept. 22, 1998), the court merely stated that "[f]ederal courts routinely handle trade secrets matters."

Plaintiffs do not contend that the Court is not competent or capable of managing the complex litigation surrounding Mr. Attia's trade secret claims. Plaintiffs' point is that, given the relative complexity and novelty of those claims coupled with the principle of comity discussed above, this Court should decline to delve into these complex and novel state law issues.

**D. The Gibbs Factors favor Remand**

Google spends a significant amount of time painting an inaccurate picture of the consequences to judicial economy resulting from remand of Plaintiffs' state law claims. As Plaintiffs pointed out in their opening brief, given that Plaintiffs' RICO claims are predicated on a successful outcome on Mr. Attia's state law misappropriation of trade secrets claim, judicial economy would be promoted by a remand of those claims for an initial decision by the state court

regarding them before this Court proceeds with the RICO claims.  *See A.B.C. Sand & Rock Co., Inc. v. Maricopa Cty.*, 2017 WL 2609524, at *2–3 (D. Ariz. June 16, 2017).  This bifurcation of proceedings belies Google's assertion that, "in the event that any RICO claim were to remain in this case, this Court should exercise supplemental jurisdiction over the state law claims so that this lawsuit remains under one roof – and is not split into two different courts for two separate but highly overlapping proceedings."  Dkt. No. 54 at 1.  This assertion is also belied by the fact that Google admits that the six other trase secret cases that are involved in Plaintiffs' RICO claim are "entirely unrelated" to Mr. Attia's trade secret claim.  Thus, proceedings addressing Mr. Attia's trade secret claim will not substantially overlap with the other six unrelated cases.

Google next argues that, "where Plaintiffs somehow prevail on their trade secret theory – having a follow-on RICO case proceed in a different court would be enormously wasteful."  Google asserts that "[t]his Court would have to hear the same evidence as the state court in order to decide the question of whether the trade secret offense involved the *mens rea* necessary to render it criminal under 18 U.S.C. § 1832 and thus a RICO predicate act," or "whether it was somehow part of a RICO conspiracy and somehow part of a pattern of related acts."  Dkt. No. 54 at 2.  Google's argument ignores the fact that, if Mr. Attia prevailed on his state law trade secret claim in state court, the doctrine of collateral estoppel would preclude re-litigation of the Google's misappropriation of trade secrets.  The state court trial of Mr. Attia's trade secret claim would not involve evidence of whether Google's misappropriation "involved the *mens rea* necessary to render it criminal under 18 U.S.C. § 1832 and thus a RICO predicate act" or "whether it was somehow part of a RICO conspiracy and somehow part of a pattern of related acts."  These issues issue will not be re-litigated in the trial of Plaintiffs' RICO claims.  There are virtually no issues that will likely "cross over" from the trial of Mr. Attia's trade secret claim to the trial of Plaintiffs' RICO claim.

Google provides a list of theoretical conflicts it suggests might arise if the Court were to remand Plaintiffs' state law claims for trial before litigation of their RICO claims. These theoretical conflicts are speculative and unrealistic. For example, Google asserts that refusing to remand Plaintiffs' state law claims will insure "consistent standards for identification of trade secret claims." Dkt. No. 54 at 2. But there is no basis for contending that remand would give rise to inconsistent standards for identification of trade secret claims. If there were such a basis, then remand of California state law issues to a California state court judge would be the preferred course. Google also argues that refusing to remand Plaintiffs' state law claims will insure "consistent standards for the large number of experts who would opine regarding seven different technology-based fact patterns." Once again, there is no basis for suggesting that this is a realistic possibility. California courts follow essentially the same standard as federal courts for regulating the admissibility of expert testimony. *See Sargon Enterprises, Inc. v. Univ. of S. Cal.*, 55 Cal. 4th 747, 772, 288 P.3d 1237, 1252 (2012). Given that the trial of Mr. Attia's trade secret claim would not involve substantial overlap of issues with Plaintiffs' RICO claims, there also is no legitimate concern about "consistent application of *in limine* rulings across two trials, handling evidentiary rulings from a first trial during the second trial." To the extent that there were any overlap between factual issues subject to a *motion in limine* or evidentiary ruling in state court, there is no reason to believe that the state court ruling would be aberrational or inconsistent with the ruling a federal court would issue regarding those same issues.

Similarly, there is no basis for Google contention that separate proceeding in state and federal court will pose a danger of "potential duplication of remedies." To whatever extent Mr. Attia recovers damages in state court for his trade secret claim, Plaintiffs will be barred by the "one satisfaction rule" from a double recovery in the subsequent trail on Plaintiffs' RICO claims.

## II.  CONCLUSION

Mr. Attia's misappropriation of trade secrets claim is complex and novel and predominates over Plaintiffs' dependent and subordinate RICO claims. The Court, therefore, should promote the interests of judicial economy and comity by remanding Plaintiffs' state law claims for determination prior to litigation of Plaintiffs' RICO claims.

| | | |
|---|---|---|
| 1 | Dated: February 5, 2018 | **BUETHER JOE & CARPENTER, LLC** |
| 2 | | */s/ Eric W Buether* |
| 3 | | Eric W. Buether (*pro hac vice* admitted) |
| | | Christopher M. Joe (*pro hac vice* admitted) |
| 4 | | Kenneth P. Kula (*pro hac vice* admitted) |
| 5 | | Blake W. Buether (*pro hac vice* admitted) |
| | | 1700 Pacific Avenue, Suite 4750 |
| 6 | | Dallas, TX  75201 |
| 7 | | (214) 466-1271 |
| | | (214) 635-1827 – Fax |

Jamie L. Dupree (#158105)
**FUTTERMAN DUPREE DODD CROLEY MAIER LLP**
601 Montgomery Street, Suite 333
San Francisco, California 94111
(415) 399-3840
(415) 399-3838 – Fax


James W. Christian (*pro hac vice* to be submitted)
**CHRISTIAN, SMITH & JEWELL, LLP**
2302 Fannin, Suite 500
Houston, Texas  77002
Telephone:  (713) 659-7617
Facsimile:  (713) 659-7641


Professor G. Robert Blakey Emeritus*
(*pro hac vice* admitted)
Notre Dame Law School
7002 East San Miguel Avenue
Paradise Valley, AZ  85325
Telephone:  (574) 514-8220
*Of Counsel,* *For identification purposes only

**Attorneys for Plaintiffs**
**Eli Attia and Eli Attia Architect PC**