UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELI ATTIA, et al., <br><br>         Plaintiffs, <br><br>   v. <br><br> GOOGLE LLC, et al., <br><br>         Defendants. | Case No.17-cv-06037-BLF   (HRL) <br><br> **ORDER ON DISCOVERY DISPUTE REPORT # 1** <br><br> Re: Dkt. No. 61 |

## I.   INTRODUCTION

In Discovery Dispute Joint Report #1 ("DDJR #1"), the Google defendants seek an order requiring plaintiffs to further supplement their answers to two contention interrogatories which focused on plaintiffs' allegations that defendants wrongfully used or disclosed plaintiffs' trade secrets. In opposition, Plaintiffs say their previous supplementation is more than enough.

Eli Attia and Eli Attia Architect PC ("Plaintiffs") sue Google LLC ("Google") for misappropriation of their trade secrets pertaining to a system or process or an accumulation of technology, concepts, and ideas that Plaintiffs named Engineered Architecture ("EA"). They envisioned EA as a potential cost and time-saving breakthrough in designing large structures. Plaintiffs and Google entered into a series of written agreements whereby Google would take the technology and try to develop it into a viable commercial product. Google says it tried, but could not come up with anything feasible. Plaintiffs say Google eased Attia out of the project, pretended to shut it down, then created a new company, ultimately named Flux Factory ("Flux"), and shipped the project to Flux for continued development.

In addition to Google, Plaintiffs sue Flux and eight individuals: Larry Page, Sergey Brin, Sebastian Thrun, and Eric Teller (current or former Google employees) and Michelle Kaufmann, Jennifer Carlile, Augusto Roman, and Nicholas Chim (former Google employees now working for

Flux).

Plaintiffs have formally identified seven claimed trade secrets. (The adequacy of their description is disputed by defendants, but that issue is not before the court now.) All ten defendants are alleged to have engaged directly in misappropriation of trade secrets.

Suit was filed in state court in December 2014, and was litigated there briskly until very recently, when the state court judge allowed the filing of a Fourth Amended Complaint ("FAC"). The FAC added a federal cause of action. Promptly, defendants removed to federal court. So, this court is now addressing the first of a number of discovery disputes that arose in state court but were not fully resolved before the removal.

Here are the two pertinent contention interrogatories propounded by the Google defendants:

> INTERROGATORY NO. 10: With respect to any contention by YOU that any of the GOOGLE DEFENDANTS used one or more ALLEGED TRADE SECRETS without YOUR authorization or consent, separately identify each such alleged use by each such GOOGLE DEFENDANT with precision and specificity, including but not limited to the exact information allegedly used, all DATE(S) of each such alleged unauthorized use, all place(s) of such unauthorized use, the identity of all person(s) who put such information to each such unauthorized use, witnesses to each such unauthorized use, and the exact manner in which each such unauthorized use was effectuated.

> INTERROGATORY NO. 12: With respect to any contention by YOU that any of the GOOGLE DEFENDANTS disclosed one or more ALLEGED TRADE SECRETS without YOUR authorization or consent, separately identify each such alleged disclosure by each such GOOGLE DEFENDANT with precision and specificity, including but not limited to the exact information allegedly disclosed, all DATE(S) of each such unauthorized disclosure, all place(s) of such unauthorized disclosure, the identity of all person(s) who made each such unauthorized disclosure, identity of all recipient(s) of each such unauthorized disclosure, witnesses to each such unauthorized disclosure, and the exact manner in which each such unauthorized disclosure was effectuated.

This court has not seen Plaintiffs' initial responses to these interrogatories, but the Google defendants were not satisfied and moved in state court to compel better ones. A conference with the state judge resulted in a stipulation, reduced to an order, requiring plaintiffs to supplement as follows:

2

> "Google Defendants' Interrogatory No. 10, by describing separately each contention, if any, that any separate Google defendant wrongfully used any of the separate claimed trade secrets;…
>
> Google defendants' Interrogatory No. 12, by describing separately each contention, if any, that any separate Google Defendant wrongfully disclosed any of the separate claimed trade secrets . . . "

The state court left open the motion to compel so that Google, if dissatisfied with the supplementations, could ask for more. Google was dissatisfied with the supplementations subsequently received from Plaintiffs but could not take their grievance back to the state judge because by then the case was removed to here. So, it is up to this court now to assess the sufficiency of Plaintiffs' Supplemental Responses to Interrogatories 10 and 12.[1]

## II. THE SUPPLEMENTAL RESPONSES

Plaintiffs submitted a 16 page Supplemental Response to Interrogatory 10. Their response to Interrogatory 12 was: "See the answer to Interrogatory 10, above."

The 16 page response was a rambling narrative, a kind of Joycean stream of consciousness, that focused on contending that the Google defendants, in league with the Flux defendants, schemed from the very beginning of their relationship with the Plaintiffs to lull Plaintiffs into revealing all their secrets and then misappropriate them. Plaintiffs described at length the promises made and the various written agreements between Plaintiffs and Google (neither Flux nor any of the individual defendants are alleged to have executed any agreement with Plaintiffs). They discussed alleged trickery by Google in altering a document to bolster its argument that Plaintiffs' secret technology was previously disclosed to the public. They contended that Google is a serial predator of other people's technology and offered examples of other claimed instances of predation.

True, there is mention made in the narrative of the individual Google defendants and even the individual Flux defendants, but with few exceptions the activities described relate to acquiring the trade secrets, or to opining on their usefulness, or generally to conspiring to cheat Plaintiffs.

---

[1] The state court also had ordered supplemental responses to contention interrogatories submitted to Plaintiffs by the Flux defendants. Presumably, that was done. The Flux defendants did not join in DDJR #1.

Basically, the narrative is the story Plaintiffs would present for a jury to hear. It only incidentally and very slightly addresses what the two interrogatories sought: each defendant's wrongful use of the trade secrets (Interrogatory 10) and wrongful disclosure of them (Interrogatory 12).

First off, the court is satisfied that, despite their wordiness and argumentative tone, the Supplemental Responses are adequate as to defendant Google. As for the individual Google defendants, it's a different story. As named defendants, these individuals are potentially personally liable for any judgment. Beyond the sweeping allegations that all defendants were co-conspirators, the individual defendants are entitled to know whether the Plaintiffs contend that each wrongfully used or disclosed the claimed trade secrets. The court concludes Plaintiffs must as to them fully answer Interrogatories 10 and 12.

### III.  CONCLUSION

As to Google defendants Page, Brin, Thrun, and Teller, Plaintiffs shall submit Further Supplemental Responses as follows: address each defendant separately, and do not lump two or more together. As to each defendant, treat Interrogatories 10 and 12 separately. As for number 10, identify and describe to the extent possible each and every instance by date, place, and circumstances where it is contended that the defendant wrongfully used a trade secret; identify which of the seven trade secret(s) it was; the nature of the use; and what was the use's purpose and effect. Do the same for number 12 on wrongful disclosure, including as well: to whom each disclosure was made. The Further Supplemental Responses shall be submitted within 14 days.

**IT IS SO ORDERED.**

Dated: February 26, 2018

HOWARD R. LLOYD
United States Magistrate Judge

4