**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ELI ATTIA, ET AL., <br>     Plaintiffs, <br> v. <br> GOOGLE LLC, et al., <br>     Defendants. | Case No. 17-cv-06037-BLF <br><br> **ORDER REGARDING DISCOVERY AND SCHEDULING DISPUTES** |

The parties in this action have filed a Supplemental Joint Case Management Statement regarding their disputes as to certain discovery and scheduling issues. *See* ECF 85. The parties take differing positions with respect to the scope of discovery, including (1) Rule 30(b)(6) deponent time; (2) the number of interrogatories; (3) the number of requests for admission; and (4) the number of expert witnesses. The parties have also not been able to reach an agreement on the discovery and pretrial schedule. The Court resolves the parties' disputes as follows.

**I.    SCOPE OF DISCOVERY**

**A.    Rule 30(b)(6) Deponent Time**

Plaintiffs request that they be allowed up to 49 hours of Rule 30(b)(6) deposition testimony per corporate defendant. ECF 85 at 3. Moreover, Plaintiffs propose that because Plaintiff Eli Attia Architect P.C. is a single person entity owned and operated by Plaintiff Eli Attia, Plaintiffs propose that Defendants be limited to a maximum of 28 hours of deposition time of Plaintiffs. *Id*. n.1.

The Google Defendants believe that the normal time limit of seven (7) hours for a 30(b)(6) deposition is sufficient in this case. *Id*. at 4. The Flux Defendants agree with the Google

Defendants that each party should be limited to one 30(b)(6) deposition of 7 hours. *Id*. The Flux Defendants also argue that there is no reason why the Flux Defendants should be subject to more than one 30(b)(6) deposition. *Id.*

Although conceptually, it is not unreasonable to allow Plaintiffs additional latitude for discovery, absent a specific discovery plan the Court has no basis to grant Plaintiffs' request for increased deposition time beyond the normal time allotted for 30(b)(6) witnesses. Accordingly, Plaintiffs' request to take up to 49 hours of 30(b)(6) deposition testimony per corporate defendant is DENIED.

Regarding Plaintiff Eli Attia, Defendants are limited to a single 7-hour deposition of Attia in his individual capacity. If Attia is also designated as 30(b)(6) witness for Eli Attia Architect P.C., Defendants will be limited to one additional 7-hour deposition absent further leave of Court.

### B. Interrogatories

The parties also disagree on the number of interrogatories that should be permitted. Plaintiffs represent that Google has already served 110 interrogatories on Plaintiffs, Flux has already served 65, and two individual defendants have served an additional ten interrogatories. ECF 85 at 4. Accordingly, Plaintiffs propose that each party shall be allowed to serve 115 interrogatories except with respect to individual defendants who may serve and be served with up to ten (10) interrogatories. *Id.*

The Google and Flux Defendants propose staying within the default rules under Federal Rule of Civil Procedure 33 and limiting each party to 25 interrogatories. *Id.* at 5. The Google Defendants argue that Plaintiffs' count of interrogatories served so far is wrong, representing that Google has served 67 interrogatories on Mr. Attia and 28 on Attia PC. *Id.* The Flux Defendants argue that because there is no equivalent to California Form Interrogatories in federal court, Defendants' use of form interrogatories in state court should not be replaced with additional interrogatories by Plaintiffs in this Court. *Id.*

The Court ORDERS that Plaintiffs shall be allowed an equal number of interrogatories to those already propounded by each Defendant, or the number allowed by Federal Rule of Civil Procedure 33, whichever is greater. This limit expressly excludes California Form Interrogatories.

### C. Requests for Admission

Plaintiffs propose that each party be allowed 60 requests for admission ("RFAs") exclusive of RFAs regarding authentication of documents, which are unlimited. ECF 85 at 6. Again, Plaintiffs seek an equivalent amount of requests, representing that Google has already served 58 RFAs and Flux has served 72 RFAs on Plaintiffs. *Id.* The Google and Flux Defendants propose that the RFAs not aimed at authentication should be limited to the default limits of Federal Rule of Civil Procedure 36.

The Court ORDERS that Plaintiffs shall be allowed an equal number of RFAs to those already propounded by each Defendant, or the number allowed by Federal Rule of Civil Procedure 36, whichever is greater.

### D. Expert Witnesses

Regarding the number of expert witnesses, Plaintiffs are "concerned that Defendants may attempt to retain an unreasonable number of expert witnesses as a tactic that is part of their war of attrition against Plaintiffs." ECF 85 at 6. Plaintiffs propose that if a party intends to use more than three expert witnesses at trial, the party must notify the other parties of this intention 90 days before opening expert reports must be served. *Id.* The Google and Flux Defendants argue that it would unfairly prejudice Google to arbitrarily limit the number of experts they could retain in advance, and there is no authority for such a proposition. *Id.* at 7.

The Court will not limit the designation of experts. Ultimately, the Court may limit the number of experts each party may use at trial, but the Court lacks sufficient understanding of the issues to be presented at trial to determine such limits at this time.

## II. SCHEDULING

Finally, the parties propose three separate case schedules for the Court to consider, as it appears that even the Google Defendants take a different position from the Flux Defendants as well as Plaintiffs. Trial in this matter is scheduled to begin in November 2021. *See* ECF 83. With trial set over 3 and ½ years from now, there is no reason that counsel cannot agree on a pretrial schedule.

The Court ORDERS the parties to meet and confer and work out all remaining cut-off dates. The parties shall submit a stipulated schedule no later than **April 27, 2018.** In the event counsel are unable to reach full agreement, lead trial counsel shall personally appear in court on **Monday, April 30, 2018 at 9:00 A.M.** to further meet to work out the schedule. Counsel shall remain day to day until a schedule is produced.

**IT IS SO ORDERED.**

Dated: April 6, 2018

_____
BETH LABSON FREEMAN
United States District Judge