UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELI ATTIA, ET AL.,<br>   Plaintiffs,<br> v.<br>GOOGLE LLC, et al.,<br>   Defendants. | Case No. 17-cv-06037-BLF (VKD)<br><br>**ORDER RE JOINT DISCOVERY LETTER #6**<br>Re: Dkt. No. 122 |

Defendant Google LLC ("Google") moves to compel plaintiffs Eli Attia and Eli Attia Architects PC ("Attia PC") to produce documents responsive to certain document requests served by Google. The parties have submitted a joint discovery letter describing their respective positions. Dkt. No. 122.

The Court grants in part and denies in part Google's motion to compel, as set forth below.

## I. BACKGROUND

The parties submit three discrete disputes to the Court for resolution.

First, the parties dispute whether plaintiffs should be required to produce financial, tax, and bankruptcy records. Second, the parties dispute whether plaintiffs have produced all responsive documents reflecting Mr. Attia's disclosure of the alleged trade secrets to third parties. Third, the parties dispute whether Mr. Attia should be required to produce documents relating to his license to practice architecture.

## II. LEGAL STANDARD

A party may obtain discovery of any matter that is relevant to a claim or defense and that is "proportional to the needs of case, considering the importance of the issues at stake in the action,

the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Here, Google bears the burden of demonstrating that the discovery it seeks is both relevant to the claims or defenses in the action and proportional to the needs of the case.

## III. DISCUSSION

### A. Plaintiffs' Financial, Tax, and Bankruptcy Records

Google seeks documents from both Mr. Attia and Attia PC responsive to the following document requests:

> Request for Production No. 80: All DOCUMENTS and THINGS related to any time YOU filed for bankruptcy.
>
> Request for Production No. 81: All DOCUMENTS and THINGS related to any outstanding tax liens against YOU.
>
> Request for Production No. 82: All DOCUMENTS sufficient to show the amounts of all outstanding judgments, liens, or other debts outstanding against YOU.
>
> Request for Production No. 83: All DOCUMENTS sufficient to show YOUR financial condition, including assets and debts, as of January 1, 2011.

Dkt. No. 122, Ex. A (Requests for Production to Mr. Attia); *see also id.*, Ex. A (Requests for Production Nos. 81-84 to Attia PC). Google says that plaintiffs not only seek damages for lost profits and lost business opportunities due to Google's alleged misappropriation of trade secrets, but they also blame Google generally for plaintiffs' financial ruin. *Id.* at 2. Google argues that it needs discovery of documents responsive to the above requests to rebut plaintiffs' damages contentions.

Plaintiffs object to production of these documents on two grounds. First, they say that Google misrepresents the position plaintiffs have taken on damages in this case. They say they have *not* taken the position that Google is generally responsible for plaintiffs' poor financial circumstances, but have made specific allegations of harm. Second, plaintiffs argue that the information Google seeks has no bearing on the value of Mr. Attia's trade secrets, and that because some of this information (e.g., tax records) is particularly sensitive, Google has not

2

demonstrated a sufficiently compelling need for production of these documents. *Id*. at 5–6.

The Court has reviewed the operative complaint. Plaintiffs seek contract damages for breach of the parties' "Inbound Services Agreement" and "Statement of Work" agreements, compensatory damages (including lost profits or reasonable royalty) and disgorgement of profits for trade secret misappropriation, treble damages for the alleged RICO violations, and exemplary damages for willful conduct. *See* Dkt. No. 120 ¶¶ 84, 88, 105, and Prayer for Relief. The Court finds no allegations suggesting that plaintiffs seek damages for other more generalized harm to Mr. Attia personally or to Attia PC's business.[1] Rather, the crux of plaintiffs' damages case seems to be that Google benefitted unjustly from misappropriation of plaintiffs' trade secrets, did not compensate plaintiffs for the trade secrets it took, and destroyed the value that the trade secrets might have had to plaintiffs by publicly disclosing and using them in Google's own venture.

Google is certainly entitled to discovery relating to the value or lack of value of the alleged trade secrets and plaintiffs' other allegations of harm, including plaintiffs' prior unsuccessful efforts to commercialize the alleged trade secrets and the financial benefits (or lack thereof) that plaintiffs obtained from the alleged trade secrets. The problem is that Google's broad requests for all of plaintiffs' financial, tax, and bankruptcy records are not reasonably tailored to plaintiffs' actual claims for damages in this case. The broad scope of discovery Google seeks is neither relevant nor proportional to the needs of the case, although some subset of records falling within the scope of these document requests may be.

### B.  Public Disclosures of Engineered Architecture

The parties agree that plaintiffs should be required to produce all documents reflecting their prior disclosure to third parties of any portion of the alleged trade secrets. Dkt. No. 4 at 6–7. Google says that plaintiffs' production to date is incomplete because plaintiffs have not identified or produced the documents referenced in a 2000 email exchange between Mr. Attia and his advisor that refers to "information reviewed" by a prospective investor (ATTIA002020).

---

[1] Google cites to statements purportedly made by Mr. Attia in an unrelated unlawful detainer action, to the effect that his financial troubles are all Google's fault. However, that claim appears not to have been made in this case.

3

Plaintiffs respond that no documents were ever attached to that email, and the documents reviewed by the prospective investor would not have been substantively different from documents plaintiffs have already produced that were shared with other investors.

Google remains suspicious that some documents associated with the review by the investor are missing. Plaintiffs insist that there are no additional or different documents to identify or produce in connection with the 2000 email. At the same time, they suggest that Google serve a formal discovery request for the information or ask about it in a deposition—an argument that is at odds with plaintiffs' representation that it has already produced everything it has reflecting disclosures of the trade secrets. Dkt. No. 122 at 7.

The Court is not able to resolve this dispute on the present record. Suffice it to say that Request for Production No. 5 to Mr. Attia and Request for Production No. 6 to Attia PC would appear to encompass any documents disclosing the alleged trade secrets, including those shared with investors. *See id.*, Ex. B. All such documents should be produced in without the need for further document-specific requests. The Court appreciates that counsel may not be in a position to say definitively what information is or is not being referenced in the 2000 email. However, Mr. Attia and Attia PC are in a position to provide a definitive, factual response. If, after serving an interrogatory regarding the information referenced in the 2000 email and/or deposing witnesses with knowledge of the matter described in the 2000 email, Google has reason to believe that responsive documents associated with that email were not produced or have not been identified, it may seek further relief from the Court.[2]

**C.     Documents Related to Mr. Attia's License to Practice Architecture**

Google served Request for Production No. 54 on Mr. Attia, seeking "all documents and things relating to your licensure as an architect, including but not limited to time periods of licensure, jurisdiction of licensure, suspension of licensure, and complaints received by any state regarding any licensure." *Id.*, Ex. C. Although Mr. Attia objected to the breadth and burdensome

---

[2] If Google has already reached the limit of interrogatories it is permitted to serve in this action, the Court hereby gives Google leave to serve one more interrogatory on Mr. Attia and/or Attia PC to address this specific issue.

4

1  of this request, he represented he would comply with it. *Id.*

2  In the dispute before the Court, Google asks that Mr. Attia be ordered to produce the
NCARB Certificate identified in his response to Google's Interrogatory No. 21, and any other
documents that relate to Mr. Attia's license to practice architecture in 2011. *Id.* at 4. Google
points out that Mr. Attia portrays himself as a leading architect and as an expert in building design,
and that he so represented himself to Google in 2011. Dkt. No. 120 ¶¶ 1, 23, 42. Google also
notes that it has specifically pled as an affirmative defense that Mr. Attia misrepresented his
credentials to Google. Dkt. No. 1-2 at 82. Mr. Attia objects that the documents Google seeks are
not relevant to any issue in the case. Dkt. No. 122 at 6.

The Court is persuaded that evidence tending to rebut Mr. Attia's claim that he possesses
the credentials and expertise of a leading architect is relevant to the claims and defenses in this
case. Moreover, Mr. Attia has waived his objections to the specific documents Google seeks here
by agreeing to produce all documents within the scope of Google's Request for Production No. 54.

## IV. CONCLUSION

Accordingly, the Court orders as follows:

1. Google's motion to compel production of all financial, tax, and bankruptcy records encompassed by Requests for Production Nos. 80-83 to Mr. Attia and Requests for Production Nos. 81-84 to Attia PC is denied at this time.

2. Google's motion to compel production of documents reflecting the disclosure of trade secrets referenced in a 2000 email exchange between Mr. Attia and his advisor (ATTIA002020) is denied at this time.

3. Mr. Attia shall produce the NCARB Certificate identified in his response to Google's Interrogatory No. 21, and any other documents that relate to Mr. Attia's license to practice architecture in 2011.

**IT IS SO ORDERED.**

Dated: September 4, 2018



VIRGINIA K. DEMARCHI
United States Magistrate Judge

5